UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| REYMUNDO SAUCEDA,<br><br>                           Petitioner,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>                           Respondent. | 4:21-CV-04172-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS |

Petitioner, Reymundo Sauceda, filed a motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255.[1] Docket 1. Sauceda raises four claims of ineffective assistance of counsel: (1) failing to request sequestration of witnesses at the sentencing hearing; (2) "challeng[ing] facts in the PSR [Presentence Investigation Report] that had been stipulated" and "frivolously challenging all the contested facts" in the PSR; (3) failing to appeal the court's determination that he was a leader/organizer under § 3B1.1; and (4) cumulative errors in his case requiring remand for resentencing. *Id.* at 4-7. The United States moved to dismiss for failure to state a claim. Docket 18. The court referred this matter to Magistrate Judge Veronica Duffy for a recommended disposition under 28 U.S.C. § 636(b)(1)(B) and this court's

---

[1] The court cites to documents from this civil habeas file using the court's assigned document number.  The court cites to documents from Sauceda's underlying criminal case, *United States v. Sauceda et al*, 4:16-CR-40083-KES-1 (D.S.D.), using the court's assigned docket number preceded by "CR."

October 16, 2014, standing order.[2] The magistrate judge recommended granting the United States's motion to dismiss Sauceda's petition with prejudice and without holding an evidentiary hearing. Docket 25 at 40. Sauceda objects to the report and recommendation. Docket 29. For the following reasons, the court adopts the report and recommendation and grants the United States's motion to dismiss with prejudice without holding an evidentiary hearing.

## FACTUAL BACKGROUND

The magistrate judge's report and recommendation (Docket 25) contains a complete recitation of the facts and procedural background. The following is a summary of the facts bearing on Sauceda's claims.

Sauceda and a co-defendant were charged with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. CR Docket 14. A superseding indictment added another co-defendant and additional counts against that co-defendant. CR Docket 83. A second superseding indictment was later filed that added a third co-defendant. CR Docket 204. After one of Sauceda's co-defendants pleaded guilty, the government filed a third superseding indictment to remove this co-defendant. CR Docket 343. The government also filed an information pursuant to 21 U.S.C. § 851 giving

---

[2] The standing order is no longer in effect. D.S.D. Civ. LR 72.1.A.2(b), which became effective on May 31, 2022, designates to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions.

Sauceda notice of its "intent to seek increased punishment based upon [his] prior conviction for a felony drug offense[.]" CR Docket 368.

Sauceda filed a petition to enter an "open" plea and pleaded guilty to count 1 of the third superseding indictment. CR Docket 422. Sauceda and his defense counsel, James Eirinberg,[3] signed the petition, acknowledging that Sauceda understood that the statutory mandatory minimum sentence is fifteen years and the maximum is life imprisonment. *Id.* Sauceda also agreed that the facts stated in his Factual Basis Statement were true and "provide[d] the basis for his guilty plea[.]" *Id.* During the change of plea hearing, Sauceda pleaded guilty to Count 1 of the third superseding indictment that charged him with conspiracy to distribute a controlled substance. CR Docket 511 at 13. Sauceda also admitted that he had a prior conviction in Minnehaha County for distribution of more than one pound of marijuana. *Id.* at 14.

A draft PSR was filed that calculated Sauceda's adjusted offense level at 44, but pursuant to Chapter 5, Part A (comment n.2) of the USSG, the total offense level was treated as a level 43. CR Docket 449 ¶¶ 52, 55. The draft PSR recommended no reduction for acceptance of responsibility. *Id.* ¶ 54. The draft PSR determined that Sauceda had 8 criminal history points and placed him in criminal history category IV. *Id.* ¶ 65. Based on the total offense level of 43 and a criminal history category of IV, Sauceda's guideline range, according to the

---

[3] Eirinberg was the fourth CJA counsel appointed to represent Sauceda. *See* CR Dockets 38, 48, 146.

draft PSR, was life imprisonment. *Id.* ¶ 98. The USSG guideline calculation in the final PSR was life imprisonment. CR Docket 470 ¶ 98.

Prior to the sentencing hearing, Sauceda's counsel filed thirty-six objections to the draft PSR. *See* CR Docket 453. Sauceda's counsel contends that all the objections to the draft PSR were "made at the bequest of Sauceda." Docket 16 at 2. Sauceda contends that he "never advised counsel to object to every single factual statement" in the PSR and that he relied on his counsel to make objections to the PSR. Docket 2 at 17; Docket 21 at 5-6. Sauceda's counsel also filed a motion for downward departure under USSG § 5K2.0(a)(3) and for downward variance based on the factors set forth in 18 U.S.C. § 3553. CR Docket 468.

The court held a two-day sentencing hearing. *See* CR Docket 513. During the sentencing hearing, the government presented testimony from United States Postal Inspector Derek Ryan, Special Agent Dan Byron of the Division of Criminal Investigation, and Special Agent Mark Minten of the Drug Enforcement Agency. *Id.* Testimony from the government's witnesses included information they had gathered from individuals involved in drug trafficking who had cooperated with law enforcement. *Id.* at 11-17. The cooperating individuals did not testify during Sauceda's sentencing hearing, but the information they provided was corroborated through other witness statements, information from subpoenas, information from businesses, surveillance videos, and business records. *Id.*

The court sustained Sauceda's counsel's objections (CR Docket 453 ¶¶ 27, 31) to paragraphs 39 and 51 of the PSR, which recommended a two-level enhancement under § 3C1.1 for obstruction of justice. CR Docket 513 at 184, 190-91. Because the court sustained these objections, the court found that the total base offense level was 42. *Id.* at 191. The court also sustained Sauceda's counsel's final objection to the PSR (CR Docket 453 at 13-14), which recommended a guideline range of life imprisonment. *Id.* at 198. Based on a total offense level of 42 and a criminal history category IV, the guideline range, according to the court, was 360 months to life. *Id.* The court sentenced Sauceda to 360 months' imprisonment. *Id.* at 209.

During the sentencing hearing, the court overruled Sauceda's counsel's objection to paragraph 54 of the PSR (CR Docket 453 ¶ 33), which recommended no reduction for acceptance of responsibility. *Id.* at 196. The court explained:

> The defendant basically objected to every single factual statement set forth in the presentence investigation. The government had to put on evidence related to every paragraph, including all of the drugs the defendant was responsible for, evidence about his role in the offense, and pretty much everything dealing with the facts of this case, all of the relevant conduct.
>
> I find that his denials were frivolous, and that he's acted in a manner inconsistent with acceptance of responsibility.

*Id.* The court also overruled Sauceda's counsel's objection to paragraph 50 of the PSR (CR Docket 453 ¶ 30), which applied a four-level enhancement under § 3B1.1, because Sauceda was a leader or organizer of a criminal activity that involved five or more participants. *Id.* at 190. Finally, the court denied

Sauceda's motion (CR Docket 468) for a downward variance and downward departure. *Id.* at 205-09.

## DISCUSSION

### I.     Sauceda's Motion to Strike

The magistrate judge directed Sauceda's former defense counsel to file "an affidavit responding to the specific allegations in the § 2255 motion concerning his representation of Mr. Sauceda."[4] Docket 9 at 2-3. After Sauceda's former defense counsel filed his affidavit (Docket 16), Sauceda filed a motion to strike or limit the scope of his former counsel's affidavit (Docket 22). Sauceda argues that the affidavit goes beyond the scope of the allegations of ineffective assistance of counsel raised in his § 2255 petition and includes legal arguments. *See* Docket 22. The magistrate judge ordered that Sauceda supplement his motion by identifying by page, paragraph, and line number the "parts of the affidavit he thinks should be stricken and explain why." Docket 23. Sauceda supplemented his motion as ordered by the magistrate judge. Docket 24.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The magistrate judge denied Sauceda's motion to strike because his former defense counsel's affidavit is not a "pleading" as defined in Federal Rule of Civil Procedure 7(a). Docket 25 at 20.

---

[4] Sauceda executed an attorney-client privilege waiver form. Docket 10.

6

Sauceda objects to the magistrate judge's order denying his motion to strike. Docket 29 at 2-4. This court's review of the magistrate judge's denial of Sauceda's motion to strike is governed by 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure. The court may modify or set aside any part of the order that is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Sauceda argues that the affidavit was filed as an exhibit to the "Government's Response in Opposition to Title 28 U.S.C. § 2255 which is considered a pleading." Docket 29 at 3. Sauceda is not correct. The United States's answer to Sauceda's § 2255 petition (Docket 17), motion to dismiss (Docket 18), and memorandum in support of the motion to dismiss (Docket 19) do not contain any exhibits.

Sauceda also argues that the magistrate judge "misconstrued the purpose of the [m]otion[]" and did not address Sauceda's alternative argument requesting that the use of the affidavit be limited. *Id.* at 2-3. Again, Sauceda is not correct. The magistrate judge did not "consider the legal arguments and conclusions contained in Mr. Eirinberg's affidavit when analyzing Mr. Sauceda's ineffective assistance of counsel claims." Docket 25 at 21. The magistrate judge's report and recommendation does not reference any portions of Sauceda's former counsel's affidavit that he advised the magistrate judge should be stricken. *Compare* Docket 24, *with* Docket 25.

In his objection, Sauceda acknowledges that the magistrate judge did not consider the legal arguments and conclusions in his former counsel's affidavit

7

but asserts that the magistrate judge should have required his former counsel to file a new affidavit addressing only the ineffective assistance of counsel allegations to "clear the record for appellate review[.]". Docket 29 at 4. This court disagrees. This court and the Eighth Circuit can discern which portions of the affidavit should be considered when analyzing Sauceda's ineffective assistance of counsel claims. Because the magistrate judge ordered Sauceda to identify by page, paragraph, and line number the portions of his former counsel's affidavit that he contended should be stricken (Dockets 23, 24), the record is clear for this court and the Eighth Circuit. The magistrate judge's denial of Sauceda's motion to strike (Docket 22) was not clearly erroneous or contrary to the law.

## II.  Legal Standards Governing the Motion to Dismiss

### A.  Standard of Review

The court's review of the magistrate judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1). The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); *Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990) (per curiam). In conducting its de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

### B. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must meet the two-pronged standard articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This standard applies regardless of whether the conviction is a result of a trial or a guilty plea. *Wanatee v. Ault*, 259 F.3d 700, 703 (8th Cir. 2001). Under *Strickland*, the petitioner must show that (1) "counsel's performance was deficient[]" and that (2) "the deficient performance prejudiced the defense." 466 U.S. at 687. Both prongs of the *Strickland* standard must be satisfied to prevail on an ineffective assistance of counsel claim. *Williams v. United States*, 452 F.3d 1009, 1012 (8th Cir. 2006) (citation omitted)

The "performance prong" requires a petitioner to show that counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. This means "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[.]" *Ragland v. United States*, 756 F.3d 597, 599 (8th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687). The court must assess "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689 (quoting *Michel v.*

9

*Louisiana*, 350 U.S. 91, 101 (1955)). "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Ordinarily, the Eighth Circuit "consider[s] strategic decisions to be virtually unchallengeable unless they are based on deficient investigation." *Worthington v. Roper*, 631 F.3d 487, 500 (8th Cir. 2011) (quoting *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006)).

The "prejudice prong" requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In other words, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Thus, "[a]n error by counsel, even if professionally unreasonable does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

### III. Sauceda's Ineffective Assistance Claims

#### A. Witness Sequestration During Sentencing

Sauceda claims that his counsel was ineffective because he did not invoke Federal Rule of Evidence 615 before the sentencing hearing and request that the government's witnesses be sequestered. Docket 2 at 13-14. The magistrate judge recommended denial of this claim because Sauceda did not establish that his counsel was ineffective. Docket 25 at 29. The magistrate

judge reasoned that because the Federal Rules of Evidence, including Rule 615, do not apply during sentencing proceedings, a request to sequester would have been frivolous, and the Eighth Circuit has consistently held that trial counsel do not provide deficient performance when they choose not to file a frivolous motion. *Id.* at 24-25 (citing Fed. R. Evid. 1101(d)). The magistrate judge also found that Sauceda failed to provide "any specifics on how the government witnesses not being sequestered prejudiced him." *Id.* at 26.

In his objection, Sauceda argues that if his defense counsel did not believe that the objections to the PSR were frivolous, the defense counsel "had an obligation to request the witnesses be sequestered to assure that the evidence and testimony presented by the Government agents would be considered 'reasonably reliable' for the Court to consider for sentencing purposes." Docket 29 at 4 (quoting *United States v. Morales*, 994 F.2d 386, 389 (7th Cir. 1993)). Sauceda also argues that "[h]ad the witnesses been sequestered, the objections to the PSR would have been taken in a light more favorable to Sauceda's defense." *Id.* at 6.

This court agrees that Sauceda's defense counsel was not deficient because he did not request sequestration of witnesses during the sentencing hearing. The Federal Rules of Evidence do not provide for sequestration of witnesses during sentencing hearings. Fed. R. Evid. 1101(d). A motion to sequester would have been futile. *Garrett v. United States*, 78 F.3d 1296, 1303 n.11 (8th Cir. 1996) ("Ineffective assistance should not be found under

11

*Strickland* when counsel fails to perform those acts which clearly appear to be futile or fruitless at the time the decision must be made.").

This court also agrees that Sauceda has not demonstrated any prejudice because his counsel did not request that the government's witnesses be sequestered. To demonstrate prejudice, Sauceda must establish both that the motion, if made, would have been granted and that if the witnesses had been sequestered, there is a reasonable probability that the result of the proceedings would have been different. He can demonstrate neither. The court adopts the magistrate judge's recommendation that this claim be dismissed with prejudice.

B.     **Objections to the PSR**

Sauceda claims that his counsel was ineffective by "objecting to every single fact in the Presentence Investigation Report" and challenging "facts in the PSR Report that had been stipulated during the change of plea hearing[.]" Docket 21 at 4; Docket 2 at 14. The magistrate judge noted that Sauceda and his former defense counsel disagree as to whose decision it was to file thirty-six objections to the PSR. Docket 25 at 29-30. Despite this factual dispute, the magistrate judge recommended that this claim be dismissed with prejudice without a hearing because Sauceda did not demonstrate prejudice. *Id.* at 31-33.

Sauceda asserts that but for the alleged frivolous objections to the PSR, he would have given credit for acceptance of responsibility. Docket 2 at 17; Docket 25 at 31. The magistrate judge did not address the deficient-

performance *Strickland* prong because Sauceda could not demonstrate that the sentencing range would have been different if he had been given credit for acceptance of responsibility.[5] Docket 25 at 33. As the magistrate judge explained, even if Sauceda had been given credit for acceptance of responsibility and the government had moved for a third point reduction, the Guideline range would have been the same: 360 months to life. *Id.* at 31-32. Based on Eighth Circuit precedent, the magistrate judge recommended dismissal of Sauceda's claim because he could not demonstrate prejudice. *Id.* at 32-33 (citing *Montanye v. United States*, 77 F.3d 226, 230-31 (8th Cir. 1996); *Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011); *West v. United States*, 994 F.2d 510, 513 (8th Cir. 1993); *United States v. Ford*, 918 F.2d 1343, 1350 (8th Cir. 1990)).

In his objection, Sauceda does not dispute that the Guideline range would have been 360 months to life even if the court had granted his request for a two-level reduction for acceptance of responsibility and the government had moved for a third point reduction. Docket 29 at 7-10. Rather, Sauceda argues that because the court did not grant the reduction for acceptance of responsibility, "it sealed the door of [him] receiving any *Booker*-related downward variance as well." *Id.* at 8. Sauceda's argument is "merely a conclusory allegation, unsupported by specifics." *Dones-Vargas v. United*

---

[5] As the magistrate judge noted, the draft PSR recommended that Sauceda receive no credit for acceptance of responsibility because Sauceda acknowledged responsibility for only a fraction of the drugs involved in the conspiracy. CR Docket 449 ¶¶ 40-44, 54.

13

*States*,4:20-CV-04124-KES, 2021 WL 5547701, at *10, 2021 U.S. Dist. LEXIS 193062, at *27 (D.S.D. Aug. 20, 2021) (quoting *Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982) (per curiam)). Moreover, his argument cannot be reconciled with the record in the underlying criminal case.

Sauceda's counsel moved for a downward departure under USSG § 5K2.0(a)(3) based on circumstances not adequately taken into consideration and a downward variance, which he labeled as a *Booker* variance, based on the factors set forth in 18 U.S.C. § 3553. CR Docket 468. Sauceda's counsel did not argue that the court should grant the request for downward departure or downward variance because of Sauceda's acceptance of responsibility. *See id.*, CR Docket 513 at 200-03. Whether a defendant is entitled to a reduction for acceptance of responsibility is unrelated to any of the factors set forth in 18 U.S.C. § 3553. The court's denial of Sauceda's motion for a downward departure under USSG § 5K2.0(a)(3) and a *Booker* downward variance was not based in any part on the number of objections to the PSR or the denial of a reduction for acceptance of responsibility. *See id.* at 205-09. Sauceda's objection to the magistrate judge's report and recommendation is without merit. His conclusory assertion that "[h]ad the Court granted the acceptance of responsibility, [he] would have been eligible for the *Booker* downward variance" is unsupported by the record, and he cites no supporting legal authority. *See* Docket 29 at 9. The court adopts the magistrate judge's recommendation that this claim be dismissed with prejudice.

### C. Failure to Appeal the Leader/Organizer Enhancment

Sauceda claims that his counsel was ineffective in failing to appeal the leader/organizer enhancement applied at sentencing. Docket 1 at 7; Docket 2 at 17. Section 3B1.1(a) of the Guidelines provides for a four-level enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive[.]" USSG § 3B1.1(a). During the sentencing hearing, the court overruled Sauceda's objection to the enhancement and observed, "[f]irst, I find that the defendant was an organizer or leader. He was described as a sergeant within the drug organization that he was involved with." CR Docket 513 at 190. The court found credible testimony that Sauceda directed who got drugs, what was sent, the quantity, and where items were stored, all of which was verified by other evidence presented. *Id.* The magistrate judge found that the strategic decision by Sauceda's counsel was not contrary to the evidence and that his counsel did not provide "deficient" representation by failing to raise this issue on appeal. Docket 25 at 36. The magistrate judge also noted that Sauceda had failed to meet his burden to show that the outcome of his appeal would have been different if his counsel had raised this issue on appeal. *Id.* at 37.

Sauceda does not dispute that four others were involved in the conspiracy, but he claims that hearsay statements from agents were not sufficiently reliable to show that he controlled any other individuals. Docket 2 at 18 ("The issue for appeal was whether the hearsay statements were sufficient to satisfy that Sauceda exercised control over a co-conspirator, not

15

that there were 5 or more individuals involved in the offense."). In his objection, Sauceda argues that his former counsel has taken inconsistent positions. Docket 29 at 11-12. According to Sauceda, the court "must question why would Eirinberg raise what the report considers to be a 'frivolous argument on appeal' during the sentencing hearing." *Id.* at 12. The court does not agree that Sauceda's counsel has taken inconsistent positions. Sauceda's argument overlooks the fact that his counsel objected to the recommended enhancement in the PSR before the sentencing hearing. *See* CR Docket 453 ¶ 30. When his counsel objected to the PSR, he had not heard any testimony from the government's witnesses or the court's assessment of the credibility of the testimony the government offered in support of the enhancement. *See id.* After the hearing, with the benefit of the testimony presented by the government as well as the court's detailed explanation of why the objection was being overruled, Sauceda's counsel made a strategic decision not to raise the issue on appeal.

The court agrees with the magistrate judge that this claim of ineffective assistance should be dismissed. "A district court may rely on hearsay evidence in resolving sentencing issues so long as the evidence has 'sufficient indicia of reliability to support its probable accuracy.' " *United States v. Wailes*, 44 F.4th 823, 826 (8th Cir. 2022) (quoting *United States v. Hoelzer,* 183 F.3d 880, 882 (8th Cir. 1999)). During the sentencing hearing, the government presented testimony establishing that the information from the cooperating individuals who did not testify was reliable, against their own penal interests, and

16

corroborated. CR Docket 513 at 11-17. In overruling Sauceda's objection to paragraph 50 of the PSR (CR Docket 453 ¶ 30), the court detailed why it found the government's evidence reliable. *Id.* at 190. The determination of whether hearsay evidence is sufficiently reliable to support a sentencing decision is committed to the sound discretion of the district court. *United States v. Sheridan*, 859 F.3d 579, 583 (8th Cir. 2017) (citing *United States v. Pratt*, 553 F.3d 1165, 1170 (8th Cir. 2009)). Sauceda's counsel's strategic decision not to raise this issue on appeal was not "deficient." *See New v. United States*, 652 F.3d 949, 953-54 (8th Cir. 2011). The court adopts the magistrate's recommendation that this claim be dismissed with prejudice.

### D. Cumulative Errors

Sauceda argues that the cumulative impact of his counsel's errors, which he contends were many and interrelated, require resentencing. Docket 2 at 19. The magistrate recommended dismissal of this claim because the Eighth Circuit has consistently held that individual ineffective assistance of counsel claims cannot be considered cumulatively to determine prejudice. Docket 25 at 38-39. Sauceda raises no specific objection to this recommendation. *See* Docket 29. The court agrees with the magistrate judge that Eighth Circuit precedent mandates dismissal of this claim. *See, e.g., United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008) ("[W]e have repeatedly rejected the cumulative error theory of post-conviction relief."). Thus, the court adopts the magistrate's recommendation that this claim be dismissed with prejudice.

## IV. Evidentiary Hearing

"[N]o [evidentiary] hearing is required 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.' " *New,* 652 F.3d at 954 (quoting *Anjulo-Lopez v. United States,* 541 F.3d 814, 817 (8th Cir. 2008)). The magistrate judge concluded no evidentiary hearing was warranted because "even if th[e] court were to accept the veracity of Mr. Sauceda's claims, he would not be entitled to habeas relief under 28 U.S.C. § 2255." Docket 25 at 39. The court agrees.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Sauceda has not made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issues raised in his claims differently, or that a

question raised by his claims deserves additional proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

Thus, this is ORDERED that:

1. Sauceda's objection (Docket 29) to the denial of his motion to strike (Docket 22) is overruled.

2. Sauceda's objection (Docket 29) to the report and recommendation (Docket 25) is overruled.

3. The report and recommendation (Docket 25) is adopted in full.

4. The United States's motion to dismiss (Docket 18) is granted.

5. For the reasons set forth herein and pursuant to Fed. R. App. P. 22(b), the court finds that Sauceda has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability is denied.

DATED May 31, 2023

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE